IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ULTIMATEPOINTER, L.L.C., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00406-JRG |
| | § | |
| LG ELECTRONICS, INC. and, | § | |
| LG ELCTRONICS U.S.A., INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss Plaintiff UltimatePointer L.L.C.'s ("Ultimate Pointer") Complaint for Failure to State a Plausible Claim for Relief by Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LG") (the "Motion"). (Dkt. No. 25.) In the Motion, LG requests that the Court dismiss UltimatePointer's complaint under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 1.)

### I. BACKGROUND

UltimatePointer filed a complaint on October 18, 2022, alleging that LG infringed U.S. Patent No. 11,402,927 (the "'927 Patent"). (Dkt. No. 1.) Specifically, UltimatePointer alleges infringement of Claims 1, 2, 4, 7, 8, 9, 14, 15, 21, 26, 28, and 29 of the '927 Patent. (*Id.* at ¶ 21.) LG now moves to dismiss the complaint for failure to state a claim via collateral estoppel grounds, claiming that a ruling from the Federal Circuit prevents the '927 Patent from passing both 35 U.S.C. § 112 (a) and (b). (Dkt. No. 25.)

In 2011, UltimatePointer sued Nintendo Co., Ltd., ("Nintendo") in the Eastern District of Texas alleging infringement of U.S. Patent No. 8,049,729 (the "'729 Patent"). *UltimatePointer, L.L.C. v. Nintendo Co., Ltd.,* 816 F.3d 816, 820 (Fed. Cir. 2016). In that suit, UltimatePointer

alleged that Nintendo's game controllers infringed claims that recited the term "handheld device" because that term encompassed both "direct pointing" and "indirect pointing." *Id.* at 820, 824–25. Nintendo argued that the written description supported only "direct pointing" and the Eastern District of Texas ("EDTX") Court agreed. *Id.* at 821, 824–25. The EDTX Court construed "handheld device" as "handheld direct pointing device" (and the Federal Circuit affirmed this construction). *Id.* at 823–24. The case was then transferred to the Western District of Washington, which granted summary judgment of non-infringement based upon the EDTX Court's construction. *Id.* at 821.

On appeal to the Federal Circuit, UltimatePointer argued that the EDTX court "imported the 'direct pointing' limitation from the specification" and that "'handheld device' has an ordinary meaning" *Id.* at 822, 824. The Federal Circuit rejected both of these arguments and held that the District Court did not err. *Id.* at 823. In reaching this conclusion, the Federal Circuit found that:

- "The specification repeatedly emphasizes that the invention is directed to a direct-pointing system." *Id.*
- "The written description further disparages indirect pointing." *Id.*
- "Taken together, the repeated description of the invention as a direct-pointing system, the repeated extolling of the virtues of direct pointing, and the repeated criticism of indirect pointing clearly point to the conclusion that the 'handheld device' in claims 1, 3, 5, 6, and 12 is limited to a direct-pointing device." *Id.*
- "Adopting UltimatePointer's 'ordinary meaning,' however, would incorrectly require us to divorce the claim language from the repeated direct-pointing description and indirect-pointing criticism in the specification." *Id.* at 823–24.

UltimatePointer concedes that "each independent claim of the '927 Patent [(from this litigation)] explicitly requires indirect pointing." (Dkt. No. 30 at 7.) The '927 Patent has a nearly identical specification to the '729 Patent (from the 2011 litigation). (Dkt. No. 25 at 4.)

2

## II. LEGAL STANDARDS

### A. Motion to Dismiss

"In a patent case, the law of the regional circuit determines whether issue preclusion applies, whereas Federal Circuit precedent governs questions involving substantive issues of patent law." *Papst Licensing GmbH & Co. v. Samsung Elecs. Co.*, 403 F. Supp. 3d 571, 601 (E.D. Tex. 2019) (citation omitted). Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff but is not required to accept the plaintiff's legal conclusions as true. *Id.* "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). In reviewing a motion to dismiss, "a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v.*

*Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).

### B. Judicial Notice

The Court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, the Court may take judicial notice of prior court proceedings, *e.g.*, *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) (affirming dismissal of complaint on *res judicata* grounds where district court took judicial notice of "prior court proceedings"), and "matters of public record" such as patent prosecution histories, *e.g.*, *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) ("Judicial notice may be taken of matters of public record."); *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018) ("Prosecution histories constitute public records.").

### C. Collateral Estoppel

Collateral estoppel or issue preclusion may be properly raised in a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *In re Hoffman*, 955 F.3d 440, 444–45 (5th Cir. 2020). "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Under Fifth Circuit law, collateral estoppel requires:

> (1) the issue in the current litigation is identical to the one in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the judgment in that prior action and (4) there are no special circumstances that would render estoppel inappropriate or unfair.

*Id.* (citing *State Farm Mut. Auto. Ins. v. LogistiCare Sols., LLC*, 751 F.3d 684, 689 (5th Cir. 2014)). The fourth element "applies only to the use of offensive (non-mutual) collateral estoppel by the

plaintiff." *TQ Delta, LLC v. CommScope Holding Co.*, 2023 WL 2145502, at *3 (E.D. Tex. Feb. 21, 2023) (citing *Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013)).

### D.  35 U.S.C. § 112(a), (b)

Section (a) of 35 U.S.C. § 112 requires a specification containing a written description that "'clearly allow[s] persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed.'" *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc) (citation omitted). The specification must show that the inventor "had possession of the claimed subject matter as of the filing date" and "*actually invented* the invention claimed." *Id.* (emphasis added). Where a written description does not have such possession, it is insufficient. *Id.* at 1358. Section (a) also requires that the written description "enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same." A written description that does not show possession is "ordinarily sufficient" to show lack of enablement. *LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005).

Section (b) of 35 U.S.C. § 112 requires a specification that concludes with one or more claims "distinctly claiming the subject matter which the inventor … regards as the invention." Claiming subject matter that is not what the inventor regarded as the invention is impermissible. *Allen Eng'g Corp. v. Bartell Indus. Inc.*, 299 F.3d 1336, 1348–1349 (Fed. Cir. 2002) ("Where it would be apparent to one of skill in the art, based on the specification, that the invention set forth in a claim is not what the patentee regarded as his invention, we must hold that claim invalid under § 112, paragraph 2.").

### III. ANALYSIS

#### A. Judicial Notice of the Federal Circuit's Opinion

The Court hereby takes judicial notice of the Federal Circuit opinion in *UltimatePointer*, 816 F.3d 816 (Fed. Cir. 2016) under Federal Rule of Evidence 201(b) to properly consider it at the motion to dismiss stage. The Court may consider judicially noticed facts at the motion to dismiss stage. *Meyers*, 540 F. App'x at 410 816 F.3d 816 (Fed. Cir. 2016).

#### B. Collateral Estoppel

##### i. Whether the issue in this litigation is identical to the issue in the prior litigation.

The parties agree that the issue before the Court is whether the written specification of the '927 Patent supports indirect pointing. (Dkt. No. 25 at 9 (LG); Dkt. No. 30 at 6 (UltimatePointer); Dkt. No. 31 at 1 (LG).) However, the parties disagree on whether this was the issue before the Federal Circuit.

LG argues that the present issue is precisely the same issue as the one before the Federal Circuit in 2016—"whether one of skill in the art would have understood the invention of the common written description to be 'indirect pointing.'" (Dkt. No. 25 at 9.)

However, UltimatePointer argues that the issue before the Federal Circuit was one of claim construction—namely, whether the construction of "handheld device" in the '729 Patent was correct and whether the plain and ordinary meaning of that term supported "indirect pointing." (Dkt. No. 30 at 6.) By contrast, UltimatePointer argues, the patent at issue here (the '927 Patent) expressly claims indirect pointing. (*Id.* at 7.) As such (according to UltimatePointer) the Federal Circuit's opinion has no bearing on the question presented here—whether the specification of the '927 Patent supports indirect pointing. (*Id.*)

6

LG reasserts in reply that the issues are the same. (Dkt. No. 31 at 1.) LG quotes the Federal Circuit's opinion, arguing that the Federal Circuit assessed the specification to determine how "a person of ordinary skill in the art in question at the time of the invention" would understand its disclosures. (*Id.* at 2 (citing *UltimatePointer*, 816 F.3d at 822).) LG also argues that collateral estoppel applies to all issues of fact and law that were determined in, and essential to, a prior judgement. (*Id.* at 2–3 (citing *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) ("'[W]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" (citation omitted)); *VirnetX, Inc. v. Apple Inc.*, 909 F.3d 1375, 1378 (Fed. Cir. 2018) ("VirnetX is collaterally estopped by our Rule 36 judgment in *VirnetX I* from relitigating the question of whether RFC 2401 was a printed publication. … [T]his court in *VirnetX I* necessarily found that RFC 2401 was a printed publication.")).)

In sur-reply UltimatePointer argues that it is not attempting to relitigate an issue it previously lost. (Dkt. No. 32 at 3.) UltimatePointer argues that the '927 Patent is drawn to a different invention from the '729 patent, and that distinction renders collateral estoppel inapplicable. (*Id.* at 4.)

The Court is not persuaded by LG's arguments. The Federal Circuit's decision was made in the context of deciding "the meaning that the term [handheld device] would have to a person of ordinary skill in the art in question at the time of the invention." *UltimatePointer*, 816 F.3d at 822 (quoting *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed.Cir.2005) (en banc)). Further, the Federal Circuit was deciding how a "person of ordinary skill in the art" would have "read the claim term … in the context of the entire patent, including the specification." *Id.* (quoting *Phillips v.*

7

*AWH Corp.,* 415 F.3d 1303, 1313 (Fed.Cir.2005) (en banc)). Within this context, the Federal Circuit squarely held that "[t]he specification repeatedly emphasizes that the invention is directed to a direct-pointing system." *Id.* at 823.

However, the Federal Circuit never addressed whether the specification supported a claim that expressly claimed an indirect pointing system. This is clear from its conclusion: "Taken together, the repeated description of the invention as a direct-pointing system, the repeated extolling of the virtues of direct pointing, and the repeated criticism of indirect pointing clearly point to the conclusion that the 'handheld device' in claims 1, 3, 5, 6, and 12 is limited to a direct-pointing device." *Id.*

This Court has nothing before it to show that the Federal Circuit evaluated whether the specification could ever support a claim for an indirect pointing device, not even as an underlying issue. The statements from the Federal Circuit about the shared specification are not untethered from its ultimate question: whether a "handheld device" was appropriately construed as "handheld direct pointing device." Accordingly, the Court finds that the first prong is not satisfied.

### ii.    Remaining Collateral Estoppel Prongs.

Since the Court finds that the first prong is not satisfied, it does not reach the remaining prongs.

### C.  35 U.S.C. § 112(a), (b)

Since the Court finds that collateral estoppel does not apply, the Court does not reach LG's arguments as to 35 U.S.C. § 112(a) and (b).

IV.     CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 25) should be, and hereby is **DENIED**. The Court further **ORDERS** that the stay it previously placed in this case is **LIFTED** in accordance with the Order staying the case (Dkt. No. 21).

**So ORDERED and SIGNED this 25th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE